IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02730-BNB

ALTON J. GAINES, JR.,

    Applicant,

v.

[NO NAMED RESPONDENT],

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Alton J. Gaines, Jr., currently is incarcerated at Adams County Detention Facility in Brighton, Colorado. He attempted to initiate this action by filing *pro se* a letter with forty pages of attachments (ECF No. 1). The Court reviewed the document and determined it was deficient. Therefore, on October 22, 2012, Magistrate Judge Boyd N. Boland directed Mr. Gaines to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims. *See* ECF No. 3.

    The October 22 order pointed out that Mr. Gaines either must pay the $5.00 filing fee or submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and a certificate showing the current balance in his prison account. Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires such a motion. Rule 1(b) of the Section 2254 Rules applies the rules to habeas corpus actions pursuant to § 2241.

The October 22 order also directed Mr. Gaines to submit a Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that named the proper Respondent.  The October 22 order further directed Mr. Gaines to obtain the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov.](www.cod.uscourts.gov.)  The October 22 order warned Mr. Gaines that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On October 25, 2012, Mr. Gaines submitted an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) that was not on the Court-approved form and failed to name a Respondent.  On November 15, 2012, he submitted a letter with attachments.  He has failed, within the time allowed, to pay the $5.00 filing fee or submit an inmate account statement certified either by the warden or an appropriate officer at the facility where he is incarcerated, as required by Rule 3 of the Section 2254 Rules.   Therefore, the application will be denied and the action dismissed without prejudice for Mr. Gaines' failure to cure all the deficiencies designated in the October 22 order to cure within the time allowed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Gaines files a notice of appeal he also must pay the full $455.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application pursuant to 28 U.S.C. § 2241 (ECF No. 6) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Alton J. Gaines, Jr., within the time allowed, to cure the deficiencies designated in the order to cure of October 22, 2012.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  29th  day of    November    , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court